# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GOMEZ, | 1:13-cv-01098-GSA-PC |
| Plaintiff, | FIRST SCREENING |
| vs. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (Doc. 1.) |
| COUNTY OF MERCED, | |
| Defendant. | ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |
| | THIRTY-DAY DEADLINE  FOR PLAINTIFF TO SUBMIT FIRST AMENDED COMPLAINT |

## I.      BACKGROUND

Eric Gomez ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 12, 2013.  (Doc. 1.)  On August 16, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's Complaint is now before the court for screening.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   PLAINTIFF'S COMPLAINT

Plaintiff's Complaint consists of a form California government claim against Merced County dated June 21, 2013, alleging that Plaintiff was injured in a vehicle accident while being transported with other inmates to court in a County van.  Plaintiff alleges that he required stitches to his eyebrow and nostril as a result of the accident.  Plaintiff requests monetary damages of $100,000.00.

///

## IV.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

### A.    Defendant Merced County

A State and its officials sued in their official capacity cannot be sued for damages under section 1983 because they are not "persons" within the meaning of the statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). However, a local municipality, such as a county, may be sued under section 1983 if the alleged constitutional violations were committed by its officials pursuant to a municipal policy, practice, or custom.

See Monell v. Department of Soc., Servs., 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff seeks to proceed against Merced County on his claim for injuries. However, Plaintiff does not allege that any municipal policy, practice, or custom existed that resulted in his injuries. Therefore, Plaintiff fails to state a claim under section 1983 against Merced County. Plaintiff has not named any other defendant. Therefore, Plaintiff fails to state any claim in the Complaint upon which relief may be granted under section 1983, and the Complaint must be dismissed. Plaintiff shall be granted leave to file an amended complaint.

**B.     Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834.

Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).   To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

With respect to the liability of the officer driving the van during the accident, Plaintiff states, "I believe [the] officer made a bad judgement in his driving which caused the accident. He clearly turned into the other vehicle." (Doc. 1 at 2 ¶19.)  This alleged conduct does not rise to the level of deliberate indifference.   At most, Plaintiff states a claim for negligence, which is not actionable under the Eighth Amendment.   Therefore, Plaintiff fails to state an Eighth Amendment claim.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).   Plaintiff is granted leave to file an amended complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676;  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77.  Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).  Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level ....” Twombly, 550 U.S. at 554 (citations omitted).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after July 12, 2013.  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on July 12, 2013.  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no “buckshot” complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled “First Amended Complaint,” refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff’s Complaint, filed on July 12, 2013, is dismissed for failure to state a claim, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified by the Court in this order;

4.      Plaintiff shall caption the amended complaint “First Amended Complaint” and refer to the case number 1:13-cv-01098-GSA-PC;

5.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

///

6.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **September 15, 2013**                          **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE